UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CRAIG LOUQUE, ET AL          *          CIVIL ACTION

VERSUS                       *          NO: 06-2881

STATE FARM FIRE AND CASUALTY *          SECTION: "D"(3)
COMPANY

**ORDER AND REASONS**

Before the court is the **"Motion for Partial Summary Judgment" (Doc. No. 20)** filed Defendant, State Farm Fire and Casualty Company. Plaintiffs, Craig and Cindy Louque, filed a memorandum in opposition. The motion, set for hearing on Wednesday, May 9, 2007, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be denied.

Plaintiffs home, located in Venetian Isles at 4450 Trieste Street, New Orleans, Louisiana, was damaged as a result of Hurricane Katrina. State Farm issued Plaintiffs a policy of **homeowner's insurance**, with dwelling coverage limits of $258,000 and contents coverage limits of $193,500, for this property. Pursuant to a claim submitted by Plaintiffs under this homeowner's

policy, State Farm paid Plaintiffs $22,577.89.

State Farm, as the WYO carrier, issued Plaintiffs a policy of **flood insurance**, with dwelling coverage limits of $203,900, for this property. Pursuant to a claim submitted by Plaintiffs under this flood policy, State Farm paid the full policy limits of $203,900.

On June 1, 2006, Plaintiffs filed this lawsuit alleging, in part, that significant damage had occurred to their property due to **wind**. They also allege that State Farm is indebted to them in the amount of $500,000 for damages sustained to their property.

In the instant motion, State Farm moves for an order that the maximum amount Plaintiffs may recover under Coverage "A" (dwelling) of State Farm's homeowner's policy in the event of any Judgment against State Farm is the difference between (1) the pre-storm value of Plaintiffs' home and (2) the amount of indemnification Plaintiffs have already received for "dwelling" damage under their flood and homeowner's policies. State Farm argues that:

> no Louisiana court has ever allowed the stacking of an insured's homeowner's and flood policies, where the homeowner's policy, as in the instant matter, specifically excludes for damages caused by flood. Moreover, consistent with well-established principles of indemnity, the maximum amount the Plaintiffs could recover against Sate Farm under their homeowner's policy is the difference between their home's pre-storm value and the amounts Plaintiffs have recovered for covered damage

>     to their dwelling....

(State Farm's Memo. at p. 6)

In the alternative, Sate Farm moves for an order entitling it to a credit as to any Judgment rendered against it for the full amount of the flood policy limits paid to Plaintiffs, as well as the payment Plaintiffs' have already received under their homeowner's policy. State Farm argues that:

> [it] has already paid for the flood damage sustained to the subject property under the flood policy for the full policy limits of $203,000...Plaintiffs can not be allowed to recover twice for the same damages to the subject property based upon their current contention that their home was rendered a total loss due to wind damage.

(*Id.* at 7).

In their opposition memorandum, Plaintiffs argue that:

> As a result of Hurricane Katrina, Plaintiffs' home was lifted off of its pilings and thrown across the street. The entire structure and the contents were damaged and lost by the storms winds and exposure before any flood surge damaged the property. Hours after the catastrophic winds, flood waters finished destroying the home and its contents. Despite the fact that the loss was due to the storm's winds, State farm has refused to pay for the damages that are clearly caused by perils covered under the policy.

(Plaintiffs' Opp. at p. 2).

Plaintiffs also point out that their State Farm homeowner's policy was a replacement value policy and it also provided for an

additional 10% for repair or replacement of the dwelling if those costs exceeded the limits of the policy. (*See* State Farm homeowner's policy, Doc. No. 20-3, and Endorsement FE-5273).

Plaintiffs also submit that the cost of the repair/replacement of their home is over $691,000. (*See* Calculator Cost Form, Ex. 33-4). Thus, they argue since State Farm has paid only $22,577.80 from their $258,000 homeowner's coverage, even with a credit from the flood payments of $203,000, the policy limits under the homeowner's policy would be exhausted. (Plaintiffs' Opp. at p. 20).

The court concludes that, while an insured cannot recover twice for a single loss, here there are genuine issues of material fact regarding whether segregable wind damage caused Plaintiffs uncompensated damage. *See e.g., Wellmeyer v. Allstate Ins. Co.*, 2007 WL 1235042 (E.D.La. 2007)(Feldman, J.); and *Weiss v. Allstate Ins. Co.*, 2007 WL 891869 (E.D.La. 2007)(Vance, J.).

Accordingly;

**IT IS ORDERED** that the **"Motion for Partial Summary Judgment" (Doc. No. 20)** filed Defendant, State Farm Fire and Casualty Company, be and is hereby **DENIED.**

4

New Orleans, Louisiana, this **4th** day of **May, 2007**.

                                              _____
                                                          A.J. McNAMARA
                                             UNITED STATES DISTRICT JUDGE