CRAIG LOUQUE, ET AL         \*          CIVIL ACTION

VERSUS                 \*          NO: 06-2881

STATE FARM FIRE AND CASUALTY   \*          SECTION: "D"(3)
COMPANY

## ORDER AND REASONS

Before the court is the **"Motion in Limine" (Doc. No. 63)** filed Defendant, State Farm Fire and Casualty Company, seeking to exclude:

(1) any and all testimony by Plaintiff's civil engineering expert, **Leonard Quick**, regarding opinions or conclusions on weather conditions, patterns or trends in or around the Venetian Isles Subdivision during Hurricane Katrina;

(2) any and all portions of Leonard Quick's expert report regarding opinions or conclusions on weather conditions, patterns or trends in or around the Venetian Isles Subdivision during Hurricane Katrina;

(3)     the **video-tape taken by Kenard Jackley** from his

        home at 265 Carr Drive, Slidell, Louisiana, and

        referenced in Leonard Quick's expert report; and

(4)     the **statement of Mr. Joe Perez**, Fire Chief of Fort

        Pike Volunteer Fire Department, referenced in

        Leonard Quick's expert report.

Plaintiffs, Craig and Cindy Louque, filed a memorandum in opposition.  The motion is before the court on briefs, without oral argument.  Now, having considered the memoranda of counsel, the record, and the applicable law, the court rules as follows:

(1)     Plaintiff's engineering expert, **Leonard Quick**, *will*

        be allowed to discuss weather data on which he

        bases his opinion that tornadic wind force rather

        than storm surge destroyed the Plaintiffs' home;

(2)     the report of Leonard Quick is inadmissible hearsay

        and will not be admitted into evidence;

(3)     the **video-tape taken by Kenard Jackley** from his

        home at 265 Carr Drive, Slidell, Louisiana, and

        referenced in Leonard Quick's expert report, is

        inadmissible and Mr. Quick *will <u>not</u>* be allowed to

        testify about this vide-tape.  To the extent that

        the video-tape has any relevance, the court finds

that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403;

(4) similarly, the **statement of Mr. Joe Perez**, Fire Chief of Fort Pike Volunteer Fire Department, referenced in Leonard Quick's expert report is inadmissible and Mr. Quick *will* *not* be allowed to testify about this statement. To the extent that the statement has any relevance, the court finds that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403.

Accordingly;

**IT IS ORDERED** that State Farm's **"Motion in Limine" (Doc. No. 63)** be and is hereby **GRANTED IN PART** and **DENIED IN PART**, as set forth above.

New Orleans, Louisiana, this **5**th day of **July, 2007**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE