UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CRAIG LOUQUE, ET AL      *      CIVIL ACTION

VERSUS      *      NO: 06-2881

STATE FARM FIRE AND CASUALTY   *      SECTION: "D"(3)
COMPANY

## ORDER AND REASONS

Before the court is the **"Motion for Reconsideration" (Doc. No. 78)** filed by Defendant, State Farm Fire and Casualty Company, who moves the court to reconsider that part of the court's ruling contained in Doc. No. 73, wherein the court sustained the Plaintiffs' Objections to **Trial Exhibit 25, Plaintiffs' Loss Verification Report regarding a United States Small Business Administration Disaster Assistance Loan**.[1] Plaintiffs, Craig and Cindy Louque, filed a memorandum in opposition. The motion, set for hearing on Wednesday, August 1, 2007, is before the court on briefs, without oral argument.

Now, having considered the memoranda of counsel, the record,

---

[1] The court notes that in its Order (Doc. No. 73), the court erroneously described Plaintiffs' Loss Verification Report as Exhibit 24, when it should have been Exhibit 25.

and the applicable law, the court finds that the motion should be granted. Plaintiffs' Objections to the subject Loss Verification Report were: (1) the report was not referenced in the Pre-Trial Order; (2) the report is irrelevant; and (3) State Farm has not listed a witness who can authenticate the report.

Regarding the first Objection, State Farm identified as an exhibit "Property damage reports/Loss estimates regarding the premises located at 4450 Trieste St., New Orleans, LA." (*See* Pre-Trial Order, p. 21, ¶10(b)(4)).[2] The court find that this identification adequately encompasses the subject Loss Verification report. Further, while Plaintiffs stated on the Pre-Trial Order, that they had not seen the reports/estimates referenced by the PTO at ¶10(b)(4), State Farm represents that the subject Loss Verification report was obtained by Plaintiff Craig Louque via a Freedom of Information Act request, it was produced by Plaintiffs during discovery, it was shown to Plaintiff Cynthia Louque during her deposition, and it was attached as an exhibit to her deposition.

Next, the court finds that the subject Loss Verification report is relevant to the central issue in this case, i.e., whether the Plaintiffs' home was damaged by storm surge or wind. State

_____
[2]     State Farm also listed "Property damage reports/Loss estimates regarding the premises located at 4450 Trieste St., New Orleans, LA" on its Exhibit List, Doc. No. 24, ¶4.

Farm also argues that the subject Loss Verification report is relevant to Plaintiff's claim that State Farm was arbitrary, capricious and in bad faith when it denied Plaintiffs' claim. However, because the report was produced by Plaintiffs during discovery and after State Farm's refusal to pay, the court finds that it is not relevant to the issue of whether State Farm acted arbitrarily, capriciously or in bad faith. *Genusa v. Robert*, 720 So.2d 166, 173 (La. App. 5th Cir. 1998)("[w]hether a refusal to pay a claim is arbitrary, capricious, or without probable cause hinges on the facts known to the insurer at the time of its refusal to pay the claim").

Finally, the court rejects any objection Plaintiffs have related to whether the Loss Verification report is authenticated. The Loss Verification report is a document of the United States Small Business Administration and it is thus self-authenticating under Federal Rule of Evidence 902(1). Further, it is a public record and thus its authenticity is satisfied under Federal Rule of Evidence 901(7), and it fall under the public records exception to the hearsay rule pursuant to Federal Rule of Evidence 803(8).

Federal Rule of Evidence 803(8) provides:

> (8) Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to

> duty imposed by law as to which matters there
> was a duty to report ..., or (C) in civil
> actions and proceedings ..., factual findings
> resulting from an investigation made pursuant
> to authority granted by law, unless the
> sources of information or other circumstances
> indicate **lack of trustworthiness.**

(Fed.R.Evid. 803(8)(emphasis added).

**The burden of establishing the untrustworthiness of a document under Federal Rule of Evidence 803(8)(C) is on the opponent of the evidence.** *Graef v. Chemical Leaman* Corp., 106 F.3d 112, 118 (5th Cir. 1997); Moss *v. Ole South Real Estate, Inc.*, 933 F.3d 1300, 1305 (5th Cir. 1991). Here, Plaintiffs argue that State Farm has not listed a witness who either witnessed a 19-foot tidal surge destroy the home or who qualifies as an expert and can lay a foundation as to the facts or data contained in the report, **but Plaintiffs have made no showing that the subject Loss Verification report is untrustworthy.** Thus, the court rejects Plaintiffs' argument that the report should be excluded under Federal Rule of Evidence 702.

Accordingly;

**IT IS ORDERED** that State Farm's **"Motion for Reconsideration" (Doc. No. 78)** be and is hereby **GRANTED,** and the court now **OVERRULES** Plaintiffs' Objections to **Trial Exhibit 25, Plaintiffs' Loss Verification Report regarding a United States Small Business**

**Administration Disaster Assistance Loan.**

New Orleans, Louisiana, this **1st** day of **August, 2007.**

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE